NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN STOCKTON,<br><br>        Plaintiff,<br><br>v.<br><br>TD BANK GROUP, TD BANK, AND DOES 1-10,<br><br>        Defendants. | Civil Action No. 13-2524 (CCC)<br><br>REPORT & RECOMMENDATION |

**FALK, U.S.M.J.**

  Before the Court is Plaintiff's motion to remand this case to state court. [CM/ECF No. 3.] The motion is opposed. No argument was heard. Fed. R. Civ. P. 78(b). Based upon the following, it is respectfully recommended that the motion be **DENIED**.

## BACKGROUND

  Plaintiff is a New Jersey resident formerly employed by TD Bank. (Compl., ¶¶ 1, 4.) TD Bank is a Delaware corporation. (Notice of Removal ¶ 6.)[1] Plaintiff worked for TD Bank for 12 years, the last seven in a managerial position. (Compl., ¶ 4.) He was terminated in 2012 for alleged inappropriate use of a corporate credit card.

  On March 4, 2013, Plaintiff filed a Complaint in New Jersey Superior Court alleging discrimination and wrongful termination under the New Jersey Law Against

---

[1] The Complaint names TD Bank Group and TD Bank as Defendants. It appears that Plaintiff's employer was actually TD Bank, N.A.

Discrimination, N.J.S.A. 10:5-1, *et seq*. and violations of the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq*. The Complaint demands general and compensatory damages; special damages according to proof; punitive damages; and costs and attorney's fees. However, as is required by New Jersey state court rules, the Complaint does not demand a specific amount of damages. See N.J. Ct. R. 4:5-2; Lipsett v. Leonard, 64 N.J. 276, 281 n.1 (1974).

On April 19, 2013, Defendant removed the case to this Court alleging federal diversity jurisdiction, which is present when the opposing parties are citizens of different states and there is more than $75,000 in dispute. See Wis Dep't of Corrections v. Schacht, 524 U.S. 381, 289 (1994). On April 23, 2013, Plaintiff moved to remand this case to state court, arguing that Defendant has not met its burden to establish that more than $75,000 is in dispute.

The motion to remand is fully briefed. The parties do not dispute they are citizens of different states and thus diverse. The issue to be decided is whether Defendant has established there is a sufficient amount in controversy. It has clearly done so, and the motion to remand should be **DENIED**.

## ANALYSIS

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and all doubts are resolved in favor of remand. See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

Here, the Complaint is silent on the amount of damages sought, and Plaintiff contends that this means that Defendant must prove to a "legal certainty" that more than $75,000 is at issue. (Pl.'s Br. ¶¶ 9-10.) Plaintiff is incorrect.

On December 7, 2011, the President signed the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011). This Act, which went into effect on January 6, 2012, addresses how to measure the amount in controversy when the Complaint is silent on the quantum of damages sought. Specifically, where, like here, the "State practice . . . does not permit demand for a specific sum . . .," the "removal of the action is proper on the basis of the amount in

2

controversy . . . if the district court finds, by a preponderance of the evidence, that the amount in controversy" exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B) (emphasis added). Preponderance of the evidence means "proof to a reasonable probability that jurisdiction exists." Frederico, 507 F.3d at 196 n.6. The Court may look to the notice of removal and the submissions on the motion to remand to determine whether the amount in controversy has been established. See 28 U.S.C. § 1446(c)(2)(A); see also Pollock v. Trustmark, Inc., 367 F. Supp. 2d 293, 297 (E.D.N.Y. 2005) ("Where there is no dollar amount alleged in the complaint and the action is in federal court by a notice of removal, a reasonable probability that the jurisdictional amount is met can be established by competent evidence from other sources. The [c]ourt first looks to the complaint, then to the moving papers, then to anything else.") (cites and quotes omitted)). The amount in controversy is measured "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (quoting Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993)); see also Hatchigan v. State Farm Ins. Co., No. 13-2880, 2013 WL 3479436, at *2 (E.D. Pa. July 13, 2013).

It is clear that Defendant has established, by a preponderance of the evidence, a sufficient amount in dispute. This is a heavily disputed discrimination and retaliation case. Plaintiff has requested compensatory damages for his alleged wrongful termination. This independently satisfies the $75,000.01 statutory requirement because Plaintiff was making more than the statutory minimum in salary alone. But in addition to salary, Plaintiff has also requested punitive damages, which are recoverable under both the NJLAD and CEPA and are not capped under the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.14(b)-(c). Demands for punitive damages are appropriately considered when determining the amount in controversy. See Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004) ("Claims for punitive damages may be aggregated with claims for compensatory damages unless the former are patently frivolous and without foundation"). Plaintiff also demands attorney's fees, which again are part of the amount in controversy calculation. See Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997); Zanger v. Bank of Am., No. 10-2480, 2010 U.S. Dist. LEXIS 105028 (D.N.J. Oct. 1, 2010) (Kugler, J.). Finally, Plaintiff sent Defendant two settlement demand letters demanding two years salary, which equates to approximately $163,000. Contrary to Plaintiff's suggestion, settlement demands are also appropriately considered in determining the amount in controversy. See, e.g., Mitchell v. W. Union, No, 06-949, 2007 U.S. Dist. LEXIS 92621, at *2-3 n.2 (D.N.J. Dec. 18, 2007) (Linares, J.)[2] In light of these allegations, Defendant

---

[2] Plaintiff has filed a motion seeking to "strike references to the parties' settlement negotiations in Defendant TD Bank's opposition to Plaintiff's motion to remand." [CM/ECF No. 8.] In short, Plaintiff contends the demand letter was for purposes of settlement only; is "irrelevant to the issue before this Court, to wit, whether the amount in controversy existed to a certainty;" and is barred by Federal Rule of Evidence 408.

3

has easily shown more than the statutory minimum is reasonably at issue in this case.

## CONCLUSION

Plaintiff would obviously prefer to proceed in state court. However, the parties are citizens of different states and there is no question that a fair reading of the Complaint and the demands in it place more than $75,000 in dispute. This creates federal diversity jurisdiction and provides Defendant with an unqualified right to remove the action to federal court. For these reasons, it is respectfully recommended that Plaintiff's motion to remand be **DENIED**.

s/Mark Falk
MARK FALK
**United States Magistrate Judge**

**DATED:** September 9, 2013

---

Plaintiff also criticizes Defendant for rejecting the settlement demand but then removing the case to federal court. Plaintiff mistakes application of Evidence Rule 408 to a determination of the amount in controversy. Numerous courts have explained that Rule 408 does not preclude consideration of settlement demands in evaluating the amount in dispute for diversity jurisdiction purposes. See, e.g., McPhail v. Deere & Co., 529 F. 3d 947, 956 (10th Cir. 2008); Cohn v. Petsmart, 281 F.3d 837, 840 n.3 (9th Cir. 2002) ("We reject the argument that [Rule 408] prohibits the use of settlement offers in determining the amount in controversy."); Rollo v. Keim, No, 09-146, 2009 U.S. Dist. LEXIS 56292, at *9-10 n.6 (N.D. Fla. June 16, 2009) ("Plaintiffs' argument that the court is prohibited from considering their demand letter under Federal Rule of Evidence 408 is unconvincing and misplaced . . . It does not expressly or implicitly disallow the use of such communications to determine the amount in controversy for determining the amount in controversy."). Thus, Plaintiff's motion to strike is **DENIED**. However, even if the demand letters were entirely disregarded or never sent, the Court would still find that Defendant has established a sufficient amount in controversy for the reasons stated elsewhere in this Report.